Case 4:08-cv-00379-A Document 29 Filed 07/29/09 Page 1 of 13 PageID 382

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 29 2009

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KATHERINE CHUMBLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-379-A |
| | § | |
| SEALY, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the motion for summary judgment of defendant, Sealy, Inc. Having considered defendant's motion, the response of plaintiff, Katherine Chumbley, defendant's reply, the summary judgment record, and pertinent legal authorities, the court has concluded that the motion should be denied as to plaintiff's claims, but granted as to tolling of her damages.

I.

Plaintiff's Claims

Plaintiff filed her first amended complaint on June 5, 2009[1], alleging that after she was laid off, defendant refused to

---

[1] Plaintiff filed her original petition in state district court on November 7, 2007, but named the wrong defendant. Plaintiff filed an amended petition on May 15, 2008, adding Sealy, Inc., as a defendant, and filed a second amended petition on May 23, 2008, dismissing the original, incorrectly-named defendant. Sealy, Inc., removed the case to this court on June 13, 2008, on the basis of diversity jurisdiction and federal question.

rehire her for a truck driver position because of her gender, in violation of Tex. Lab. Code Ann. § 21.051.

## II.

### The Summary Judgment Motion

Defendant contends that it is entitled to summary judgment because plaintiff's claims are preempted by the Labor Management Relations Act ("LMRA") and should have been submitted for resolution under the mandatory grievance and arbitration procedures in the company's Collective Bargaining Agreement ("CBA"). Because she failed to do so within the six-month limitation period required by the LMRA, her claims must now be dismissed as time-barred. Alternatively, defendant claims plaintiff cannot establish a prima facie case of discrimination for failure to rehire because (1) defendant had no positions available on some of the occasions plaintiff claims she was rejected for employment, and (2) she failed to properly apply for any of the available positions. Finally, even if plaintiff's claims are not dismissed, defendant contends that her damages should be tolled as of May 2007, when she rejected defendant's unconditional offer of employment.

III.

Facts

The facts set forth below are undisputed in the summary judgment record:

Defendant, a manufacturer of mattresses and box springs, operates manufacturing and distribution plants in various locations throughout the country. At all relevant times, Eddie Long ("Long") managed the Shipping Department at defendant's Fort Worth location.[2] As part of his duties, Long supervised all truck drivers employed by defendant.

In 2005, the truck drivers working at the Fort Worth location worked either as delivery drivers or "drop and hook" drivers. Delivery drivers delivered and unloaded mattresses and box springs, ranging from twin size to king size and weighing as much as 150 pounds, to customers. The "drop and hook" drivers picked up an empty trailer from defendant's Fort Worth location at night, delivered the empty trailer to one of defendant's suppliers, then returned a loaded trailer to defendant's receiving department without physically unloading any materials from the truck.

---

[2]Defendant and plaintiff both also refer to the Fort Worth location as the North Richland Hills facility. For consistency, the court will refer to this facility as the Fort Worth location.

During plaintiff's employment, a CBA was in effect between the United Steelworkers of America ("Union") and defendant, whereby the Union, through its agent, Local Union No. 430U, acted "for itself and on behalf of the employees now employed and hereinafter employed by the Employer. . . ." Def.'s App. at 98. Defendant recognized the Union as the "exclusive bargaining representative for all truck drivers" and other specified categories of employees. Id. The CBA included a provision for recall of employees after layoff, a process for employees to bid on open positions, and a multi-step grievance procedure that culminated in mandatory, binding arbitration.

When open positions are available, defendant posts public notices with state and local employment agencies and on its corporate website. Applicants for employment must apply in person at the facility where the vacant position is located. In 2005, plaintiff learned of an opening for a "drop and hook driver" position at the Fort Worth location through her boyfriend, Gary Lantroop, a then-current employee of defendant. Although there is apparently some dispute as to the exact sequence of events, plaintiff interviewed with Long and completed an application for employment, which was submitted to defendant's human resources department for processing and verification. Plaintiff began her

4

employment with defendant on September 12, 2005.

Plaintiff worked directly under Long's supervision for the duration of her employment. At the time of plaintiff's employment, defendant also employed seven other truck drivers at its Fort Worth location. Plaintiff had the least seniority among the drivers.

In December of 2005, due to a slow-down in operations, plaintiff was laid off. When business picked up again shortly thereafter, Long contacted plaintiff to return to work. After another business slowdown, defendant, pursuant to the terms of the CBA, laid off plaintiff and another driver with the least seniority on February 10, 2006. After this lay-off, management permanently discontinued the "drop and hook" driver position.

No driver positions were available from the time of plaintiff's layoff in February 2006 until August 2006, at which time two delivery driver positions became available. Defendant hired two male drivers to fill these positions. Another delivery driver position became available in January 2007, for which defendant hired another male driver. Other than the written application she submitted upon her initial employment in September, 2005, plaintiff never completed another written application for employment with defendant.

5

On April 10, 2007, plaintiff filed a charge of discrimination with the Texas Workforce Commission Civil Rights Division. On May 17, 2007, defendant, via letter, offered plaintiff employment as a driver at defendant's Fort Worth location--the position she claims she had been seeking--reporting to Long, at a rate of $14.00 per hour plus mileage paid at $0.34 per mile for trips over 200 miles, a rate comparable to plaintiff's previous employment. Plaintiff refused defendant's offer in a letter wherein she stated:

> As per your letter that I received yes I would like my job back at Sealy, but I will not work for or under the command of Eddie Long. While working there the last two time [sic] Eddie gave me too much of a hard time about being a female truck driver. Even going so far as to state because I was a woman I couldn't handle the work, he stated this in front of other drivers that work for your company. The stress he caused me was terrible because of his treatment making work unbearable.

Def.'s App. at 154.

IV.

Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial

burden of showing that there is no genuine issue of material fact. Anderson, 477 U.S. at 256. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 323-25 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The party opposing the motion may not rest on mere allegations or denials of the pleadings, but must set forth specific facts showing a genuine issue for trial. Anderson, 477 U.S. at 248, 256. To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action. Anderson, 477 U.S. at 248. Unsupported allegations, conclusory in nature, are insufficient to defeat a

proper motion for summary judgment. <u>Simmons v. Lyons</u>, 746 F.2d 265, 269 (5th Cir. 1984).

V.

## Analysis

A.  <u>Preemption by the CBA</u>

According to defendant, Section 301 of the LMRA, 29 U.S.C. § 185(a), preempts state law claims of discrimination that touch upon a CBA. Accordingly, because resolution of plaintiff's claims requires interpretation of several provisions of the CBA, defendant maintains that the CBA's grievance procedure provides the exclusive forum for plaintiff to bring her discrimination claims. The LMRA requires that such claims be brought within six months; as plaintiff failed to raise her claims under the grievance procedure within that time frame, defendant contends they must be dismissed as time-barred and cannot be pursued in civil court.

While the CBA does address layoff and recall rights that are arguably relevant to plaintiff's claims, the problem for defendant lies in determining how long the CBA follows plaintiff after a layoff. Defendant argues that: the CBA applies to "employees" employed upon inception of the CBA and thereafter; plaintiff was an "employee" during the term of the CBA;

8

therefore, the CBA applies to her claims indefinitely. Nothing in the summary judgment record or the authorities cited by defendant supports such an expansive reading of the CBA.

The CBA itself appears to contravene defendant's position.[3] Although not relied upon by defendant, the CBA includes a provision governing when seniority and the employment relationship with defendant ends. As applicable here, such occurs when an employee "is laid off. . .for the employee's seniority (in the case of employees with less than one (1) year's seniority at time of layoff. . . .)." Def.'s App. at 102. As defendant employed plaintiff for approximately five months, it appears that the CBA ceased to apply to plaintiff five months after her February 2006 layoff, or around July 2006. Defendant does not address this provision or why it would not render the CBA inapplicable to plaintiff after July 2006. Because defendant has not established that plaintiff was subject to the CBA at the time of the allegedly discriminatory refusals to rehire, it also cannot establish that her failure to avail herself of its grievance procedure requires dismissal of her claims as untimely.

---

[3] The CBA's grievance process by its terms has no practical application to plaintiff. Step 1 of the grievance process requires a conference between "the aggrieved employee, the steward and the Supervisor involved within three working days" of the complained-of conduct. Def.'s App. at 100. As plaintiff had no supervisor at the time of the alleged discriminatory refusals to rehire, she had no way to initiate the grievance process.

9

B.  <u>Plaintiff's Alleged Failure to Apply for Available Positions</u>

Defendant maintains that plaintiff cannot establish a <u>prima facie</u> case of discrimination because she never submitted a written application for any available driver positions. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802 (1973); <u>Johnson v. Louisiana</u>, 351 F.3d 616, 621-22 (5th Cir. 2003). The court finds that plaintiff has created a genuine issue of material fact regarding this aspect of her <u>prima facie</u> case.

Plaintiff claims that from August 2006[4] through January 2007, she inquired about truck driver positions available with defendant, but was told by Long that she could not handle the job because she was a woman. Plaintiff also claims she attempted to obtain an application but was refused, and that she attempted to contact the plant manager to follow up on her request for rehire, but was not allowed to speak with him. Plaintiff's oral inquiries are sufficient to establish her <u>prima facie</u> case. <u>LaPierre v. Benson Nissan, Inc.</u>, 86 F.3d 444, 448 (5th Cir. 1996)(plaintiff's

---

[4] In her affidavit submitted in opposition to defendant's motion for summary judgment, plaintiff claims that in August 2006 she met with Long at defendant's Fort Worth location to inquire about a vacant driver position but was told by Long he would not hire her because she was a woman. Defendant challenges this claim, citing her previous deposition testimony that she was unable to inquire about the August 2006 positions due to her work schedule. Even considering that plaintiff may not use a later affidavit to impeach, without explanation, sworn deposition testimony, <u>S.W.S. Erectors, Inc. v. Infax, Inc.</u>, 72 F.3d 489, 495 (5th Cir. 1996), defendant offers nothing to contradict plaintiff's sworn deposition testimony that she inquired on other occasions about rehire and was refused the opportunity to complete an application.

10

approaching management on multiple occasions to request consideration for a promotion held sufficient to establish prima facie case of failure to promote); Fields v. Hallsville Indep. Sch. Dist., 906 F.2d 1017 (5th Cir. 1990)(oral application for employment can be sufficient to establish prima facie case of failure to hire); see also Wanger v. G.A. Gray Co., 872 F.2d 142, 145 (6th Cir. 1989)(recognizing circumstances where formal application not needed to establish a prima facie case of discrimination).

Plaintiff also offers the affidavit of another driver, Lavoy Lair, who claims that Long interviewed him and offered him a position as a driver before he completed an application for employment. Plaintiff's evidence is sufficient to raise a genuine issue of material fact as to whether plaintiff applied for a driver position.[5]

C.  Plaintiff's Damages Are Tolled As of May 2007

An employer charged with unlawful discrimination "can toll the accrual of backpay liability by unconditionally offering the

---

[5] Defendant asserts that plaintiff "testified that she was aware that she could have submitted an application through the [Texas Workforce Commission] but never did so." Def.'s Reply Br. at 5 n.7, citing Def.'s App. at 037-038. Defendant overstates the evidence. Plaintiff only testified that she was aware defendant posted vacant positions with the Texas Workforce Commission, not that she knew she could apply there. Defendant's assertion contradicts its own evidence showing that prospective employees "are required to apply in person at the particular plant where the position is located. . . ." Def.'s App. at 77.

claimant the job he sought, and thereby providing him with an opportunity to minimize damages." Ford Motor Co. v. E. E. O. C., 458 U.S. 219, 232 (1982). To establish tolling as a matter of law, defendant must show that "substantially equivalent work was available and that the [plaintiff] did not exercise reasonable diligence to obtain it." Sellers v. Delgado College, 902 F.2d 1189, 1193 (5th Cir. 1990). "Substantially equivalent employment" means employment "which affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status" as the position plaintiff was seeking. Id.

Here, there is no question that substantially equivalent work was available: defendant on May 17, 2007, tendered to plaintiff an unconditional offer of employment in the exact position she claims she repeatedly sought. Plaintiff rejected the offer allegedly because the position required her to report to Long. In her deposition, plaintiff insisted she contacted Long about returning to her job and that she wanted to return, even though he would have been her supervisor. The last position for which plaintiff claims she inquired about rehire was in January 2007. Plaintiff's refusal only four months later to accept an

unconditional offer of employment to this exact position was unreasonable.

## VI.

### Order

For all the reasons described herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted as to tolling of plaintiff's damages in May 2007.

The court further ORDERS that in all other respects defendant's motion for summary judgment be, and is hereby, denied.

SIGNED July 29, 2009.

_____
JOHN McBRYDE
United States District Judge